UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CALVIN FONVILLE, individually and on behalf of others similarly situated,

Plaintiff,

-against-

HEIGHTENED SECURITY INCORPORATED; CIPRIANI 42ND ST., LLC; CIPRIANI 55 WALL, LLC; and CIPRIANI GROUP, INC.,

Defendants.

Case No. 1:25-cv-10008 (JLR)

**ORDER**

JENNIFER L. ROCHON, United States District Judge:

Plaintiff brought this action on December 2, 2025, asserting claims against Defendants Cipriani 42nd St., LLC, Cipriani 55 Wall, LLC, Cipriani Group, Inc. (collectively, the "Cipriani Defendants"), and Heightened Security Incorporated ("Heightened Security," and together with the Cipriani Defendants, "Defendants") for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, among other state law claims. *See* Dkt. 1. Defendants defaulted. *See* Dkt. 13. Before Plaintiff could initiate the default process, Heightened Security filed an appearance in the matter. *See* Dkt. 18. Subsequently, Plaintiff and Heightened Security informed the Court that they "ha[d] reached a settlement in principle . . . and [we]re working out the terms of settlement for all Defendants." Dkt. 20. On July 31, 2026, Plaintiff and Heightened Security filed an application for approval of their proposed settlement agreement pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015), with reference to the factors identified in *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332 (S.D.N.Y. 2012). *See* Dkts. 24, 24-1, 24-2, 24-3. On August 6, 2026, the Court held a hearing regarding the application. *See* Dkt. 23.

For the reasons stated on the record at the hearing, the Court has reviewed the parties' application and proposed settlement agreement and finds that the settlement is fair and reasonable.[1] The Court also finds that the requested attorneys' fees and costs are reasonable. *See Fisher v. SD Prot. Inc.*, 948 F.3d 593, 606 (2d Cir. 2020) (explaining that the district court's obligation to review FLSA settlements for reasonableness "extends to the reasonableness of attorneys' fees and costs"). Plaintiff and his counsel "agreed in advance that [counsel] would be entitled to one-third of the settlement as attorney's fees," no class has been certified, the proposed settlement would not create a common fund, and there is no indication that the contingency fee arrangement was the result of "overreaching or of any deceptive conduct." *Puerto v. Happy Life Home Health Agency Inc.*, 704 F. Supp. 3d 403, 406-07 (S.D.N.Y. 2023); *see also Paulino v. S & P Mini Mkt. Corp.*, 790 F. Supp. 3d. 319, 332-33 (S.D.N.Y. 2025).

By separate order, the Court shall so order the parties' Stipulation and Order of Dismissal with prejudice. *See* Dkt. 24-3.

The Clerk of Court is respectfully directed to terminate the motion at Dkt. 24.

Dated: August 6, 2026
New York, New York

SO ORDERED.

Jennifer Rochon

JENNIFER L. ROCHON
United States District Judge

[1] The Court's approval is contingent on Plaintiff's revision of Section B of the Settlement Agreement, Dkt. 24-1 at 2, to state as follows: "In the event of default, Plaintiff shall be entitled to seek enforcement of this agreement, and recover from Defendant his costs, including reasonable attorneys' fees, relating to his enforcement of this agreement." "Defendant" is defined in the Agreement as Defendant Heightened Security Incorporated. *Id.* at 1.